120 F.3d 1042
 Thomas Martin THOMPSON, Petitioner-Cross-Appellant/Appellee,
v.
Arthur CALDERON, Warden of the California State Prison at
San Quentin, Respondent-Appellee/Cross-Appellant.
 Nos. 95-99014, 95-99015.
 United States Court of Appeals,
Ninth Circuit.
 Decided July 30, 1997.
Orders Dissenting from Decision Aug. 3, 1997.
 
 Before: HUG, Chief Judge.
 
 
 1
 Order; Dissent by Judge BEEZER; Dissent by Judge TROTTORDER
 
 
 2
 A majority of the active judges has voted to take this matter en banc. On March 6, 1997, a panel of our court reversed the district court's grant of habeas relief. An en banc vote was not taken before the mandate issued. The full court has voted to consider whether to recall the mandate to consider whether the panel decision of our court would result in a fundamental miscarriage of justice.
 
 
 3
 Oral argument will be held in San Francisco at the Seventh and Mission Courthouse on Friday, August 1, 1997, at 11:00 a.m. The parties should be prepared to discuss fully the merits of the appeal from the district court's decision issuing the writ of habeas corpus, dated March 29, 1995, including the issues of ineffective assistance of counsel and prosecutorial misconduct. The parties may, at their option, file 20 copies of briefs of not more than 15 pages on or before 5:00 p.m., Thursday, July 31, 1997. No oral argument will be conducted regarding the appeal from the denial of the 60(b) motion.
 
 
 4
 BEEZER, Circuit Judge, with whom HALL, BRUNETTI, TROTT and KLEINFELD, Circuit Judges, join dissenting:
 
 
 5
 A majority of the active judges of the court have authorized an en banc court to reconsider an order denying the motion to recall the mandate which issued from this court on June 11, 1997.
 
 
 6
 We issued the mandate in compliance with Fed. R.App. P. 41(b) after the United States Supreme Court denied a petition for certiorari seeking review of the opinion in Thompson v. Calderon, 109 F.3d 1358 (9th Cir.1997). On July 22, 1997, Thompson moved this court for an order recalling the mandate, asserting "newly discovered evidence confirming that petitioner had consensual intercourse with, and did not rape, Ginger Fleischli." Thompson further asserted that this evidence was withheld by the state and undercuts our prior holding that there was no prejudical ineffective assistance of counsel. Thompson's motion was denied by a panel order filed on July 28, 1997.
 
 
 7
 The en banc court has not advised the parties whether the court intends to limit its reconsideration to the petitioner's motion to recall the mandate, whether it intends to reconsider matters which the Supreme Court considered when it denied the petition for certiorari or whether it intends to consider setting aside the penalty of death based on the newly discovered evidence claim.
 
 
 8
 If the en banc court limits the scope of its reconsideration to recall the mandate and, in fact, recalls the mandate, such an order will have several consequences.
 
 
 9
 First, when the mandate is recalled, a first petition for writ of habeas corpus will be actively pending before the court. Our death penalty rules expressly provide for a stay of execution while the court considers the merits of the pending motion. Ninth Circuit Rule 22-4(c) provides, in part: "When the panel affirms a denial or reverses a grant of a first petition or motion, it shall enter an order staying the mandate pursuant to FRAP 41(b)." Without respect to the circuit rule an en banc court can consider entry of a stay of execution. Since Thompson's pending application for recall of the mandate is, in practical effect, a second or successive petition, the standard to be applied is set down by the Supreme Court in Delo v. Blair, 509 U.S. 823, 823, 113 S.Ct. 2922, 125 L.Ed.2d 751 (1993), as follows:
 
 
 10
 It is an abuse of discretion for a federal court to interfere with the orderly process of a State's criminal justice system in a case raising claims that are for all relevant purposes indistinguishable from those we recently rejected in Herrera [v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ]. Accordingly, the Court of Appeals' stay must be vacated.
 
 
 11
 The California Supreme Court denied Thompson's petition for writ of habeas corpus claiming newly discovered evidence on the merits. In re Thompson, No. SO62592 (Cal. July 16, 1997).
 
 
 12
 Second, there is no recorded new evidence before the court upon which to set aside jury verdicts finding Thompson guilty of murder and rape and finding him subject to imposition of the death penalty.
 
 
 13
 Third, if the claim of newly discovered evidence is considered as made in a first petition rather than in a second or successive petition, the petitioner will be relieved of the constraints imposed by the Antiterrorism and Effective Death Penalty Act of 1996. In Nevius v. Sumner, 105 F.3d 453, 461 (9th Cir.1996), we make plain the abuse which flows from a recall of the mandate in a capital case. Writing for our court, Judge Canby says:
 
 
 14
 Nevius' motion suffers from the fact that it is not grounded in any real infirmity in our previous decision, either when it was entered or when it is viewed in the light of later Supreme Court decision. Nevius wants us to recall our mandate in Nevius I not to nullify an erroneous decision, but to reopen the proceeding so that he may present new claims that now cannot be addressed in a subsequent petition. The reasons that those claims cannot be addressed in a second petition are that severe limits have been placed on second petitions by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), and by Congress in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(a), (b). To grant Nevius' motion simply to avoid the effect of those two procedural bars would thoroughly undermine McCleskey and the Act. That we may not do.
 
 
 15
 Id.
 
 
 16
 We conclude that recall of the mandate based on asserted newly discovered evidence is improper relief to be granted by an en banc court just as the grant of a Fed.R.Civ.P. 60(b) motion would be improper in a district court. Clark v. Lewis, 1 F.3d 814, 825-26 (9th Cir.1993). The sole avenue available to Thompson at this stage of the procedural history of this case is to make application to this court for permission to file a second or successive petition for a writ of habeas corpus in compliance with the Antiterrorism and Effective Death Penalty Act of 1996.
 
 
 17
 We respectfully dissent from the order granting en banc consideration.
 
 
 18
 TROTT, Circuit Judge, with whom KLEINFELD, Circuit Judge, joins dissenting:
 
 
 19
 The vote to take en banc the panel's manifestly correct determination that the mandate in this case is not subject to recall amounts to seizing in our judicial mouths not only the bit, but also the rules, the due process, and our General Orders that govern our handling of appeals. As Judge Beezer correctly illustrates, we have lost our lawful authority over Thompson's appeal. Hence, our power to reopen what has already been done no longer exists. Thus, I concur in Judge Beezer's dissent.
 
 
 20
 Unlike the weather, we are sworn to adhere to the rules and to behave in a predictable and regular way. This requirement is the very essence of due process of law. Yet here, as the judicial equivalent of Edward Lorenz's butterflies, we import the equivalent of chaos into our process and procedures, throwing normalcy to the wind. To borrow further from James Gleick's book Chaos, somehow "nothing ever happen[s] the same way twice" in a case involving capital punishment.
 
 
 21
 In my view, there are reasons for the periodicity and unpredictability of our court in these kinds of cases, just as there is an eerie order in chaos itself, but suffice it to say that our freewheeling approach here is inconsistent with the Eighth Amendment's command that arbitrariness not be a part of the process by which the death penalty is administered. Given the recent history of Thompson's appeal not only in our court but thereafter in the Supreme Court, to label these circumstances as "exceptional" and thus to justify recalling the mandate would be the equivalent of hijacking the term. Inappropriate nomenclature and labels threaten to carry the day and to eclipse the substance of the issue. I'm keenly aware that this is a case involving a person's life or death, but I am equally aware of our responsibility not to permit that concern to run roughshod over our bedrock commitment to due process of law, a process which sets us apart from most governments on the face of the Earth.
 
 
 22
 A properly constituted panel of this court has heard and decided Thompson's appeal. The time to review that decision en banc has come and gone. The Supreme Court has declined to review the panel's and this court's decision. The mandate has issued. If that is not finality I do not know what is. Should Thompson have something new to bring to us in this sixteen-year-old case, he should do so pursuant to the lawful avenues provided for such an occasion, not expect us to lay bare the forest on his behalf.
 
 
 23
 This decision brings us face to face with our oath of office which requires us to support and to defend the Constitution and the laws of the United States. In this confrontation, ask not for whom the bell tolls: it tolls for thee.
 
 ORDER
 
 24
 Aug. 3, 1997.
 
 FERNANDEZ, Circuit Judge:
 
 25
 I hereby order that I be shown as joining in the dissents of Judges Beezer and Trott to the decision to take this case en banc, which was filed July 30, 1997.
 
 ORDER
 
 26
 Aug. 3, 1997.
 
 RYMER, Circuit Judge:
 
 27
 Now that it is clear that the en banc court has gone beyond deciding whether to recall the mandate, and has reconsidered the panel's decision on the merits, I wish to be recorded as dissenting from the decision to go en banc. The active judges of this court have never voted on whether to reconsider en banc the panel's decision reversing the district court's issuance of the writ, and I therefore believe the en banc court is without authority to do so.
 
 
 28
 There is a right way for Thompson's claims to be considered. This isn't it; the AEDPA is.
 
 
 29
 I therefore join in the dissents filed by Judge Beezer and Judge Trott.